UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COLUMBA AQUINO,

Plaintiff,

-v-

WYCKOFF AVE., LAUNDROMAT INC. d/b/a GO LAUNDRY WORLD, INC., et al.,

Defendants.

CIVIL ACTION NO. 26 Civ. 3252 (VSB) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On April 23, 2026, Plaintiff Columba Aquino ("Plaintiff") filed a complaint against Defendants Wyckoff Ave., Laundromat Inc., d/b/a Go Laundry World, Inc. ("Wyckoff"), E Z Spin Laundromat, Inc., ("EZ Spin"), Min Lin ("Lin") and Han Chen ("Chen") (together, "Defendants"). (Dkt. No. 12 (the "Complaint")). On May 4, 2026, Plaintiff served all four Defendants with a summons and Complaint, making Defendants' deadline to respond to the Complaint May 25, 2026. (Dkt. No. 15–18). See Fed. R. Civ. P. 12(a)(1)(A)(i). On June 8, 2026, Defendants having not responded to the Complaint, the Court sua sponte extended their deadline to June 22, 2026 and warned Defendants that failure to timely respond to the Complaint may result in the Court permitting Plaintiff to initiate default proceedings. (Dkt. No. 19). On June 22, 2026, Defendants Wyckoff, Lin, and Chen filed an answer. (Dkt. No. 21). On June 23, 2026, EZ Spin still not having responded to the Complaint, the Court, for the second time, sua sponte extended EZ Spin's deadline to August 7, 2026, again warning that failure to timely respond to the Complaint may result in the Court permitting Plaintiff to initiate default proceedings against EZ Spin. (Dkt. No. 22). On August 10, 2026, EZ Spin still not having responded to the Complaint, the Court,

for a third time, sua sponte extended EZ Spin's deadline to August 17, 2026 given the appearing parties' mediation scheduled for August 14, 2026, again warning EZ Spin that failure to timely respond may result in the Court permitting Plaintiff to initiate default proceedings against EZ Spin. (Dkt. No. 24).[1] The Court also put EZ Spin on notice that, as a corporate entity, it must appear through counsel in this action, and cannot proceed pro se. (Id.) See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202–03 (1993) (noting that courts do not allow partnerships, corporations, or associations to appear in court without a licensed attorney) (collecting cases); Kenyatta v. City of New York, No. 25 Civ. 2868 (KMW), 2025 WL 1984391, at *2 (S.D.N.Y. July 16, 2025) (same).

To date, despite three sua sponte extensions and warnings, EZ Spin has still not responded to the Complaint and has not appeared in this action. Accordingly, Plaintiff is **ORDERED** to request a certificate of default against EZ Spin from the Clerk of Court by **September 1, 2026**, and file a Motion for Default Judgment against EZ Spin in accordance with the Individual Practices of the Honorable Vernon S. Broderick, Rule 55 of the Federal Rules of Civil Procedure, and S.D.N.Y. Local Rule 55 by **September 15, 2026.**

The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant E Z Spin Laundromat, Inc. at 603 East 137th Street, Bronx, NY 10454.

Dated: New York, New York
August 18, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**

[1] The mediation held on August 14, 2026 was unsuccessful and "did not resolve any issue in this case." (Dkt. entry dated August 14, 2026).