UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COLUMBA AQUINO,

Plaintiff,

-against-

WYCKOFF AVE. LAUNDROMAT INC. *et al.*,

Defendants.

26-CV-3252 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

On April 21, 2026, Plaintiff Columba Aquino brought suit against multiple Defendants alleging violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") regarding Defendants' failure to pay Plaintiff her lawful wages. (Doc. 1 ¶¶ 1–3.) Defendants employed Plaintiff as a laundry attendant from January 2018 through November 20, 2021. (*Id.* ¶¶ 1, 29.) In or about November 2021, Plaintiff was "forced to resign . . . due to Defendants' continued refusal to increase her pay or fairly compensate her for the hours worked." (*Id.* ¶ 37.)

On October 5, 2026, Plaintiff filed a letter motion stating that "the parties have determined that Plaintiff's FLSA claims are time-barred" because under FLSA's three-year statute of limitations period for willful violations, the limitations period for the case expired on November 20, 2024. (Doc. 39 at 1.) Because Plaintiff contends that her NYLL claims also do not have an "independent basis for diversity jurisdiction," the parties request that I: (1) dismiss Plaintiff's FLSA claims against all parties with prejudice; (2) decline to exercise supplemental jurisdiction over Plaintiff's NYLL claims and dismiss these claims without prejudice to Plaintiff pursuing them in state court; (3) terminate all pending motions and proceedings in this case; and

(4) direct all parties to bear their own attorneys' fees and costs incurred in connection with this action. (*Id.* at 1–2.) On October 8, 2026, in response to this Court's order, the parties also filed a letter confirming that Plaintiff's FLSA claims have not been privately settled and state that "no payment or other consideration has been exchanged in settlement of those claims." (Doc. 41 at 1.)

Parties may not privately settle FLSA claims and stipulate to the case's dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) without the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Here, the parties have confirmed that these FLSA claims were not privately settled. (Doc. 41 at 1.) Moreover, "the FLSA provides for a two-year statute of limitations for standard violations and a three-year statute of limitations for willful violations." *Maack v. Wyckoff Heights Med. Ctr.*, No. 15-CV-3951, 2016 WL 3509338, at *11 (S.D.N.Y. June 21, 2016). Because Plaintiff's FLSA claim arises from events between 2018 and November 2021, regardless of whether the two or three-year statute of limitations period apply here, I agree with the parties' contention that Plaintiff's FLSA claim is outside of the limitations period. "The statute of limitations for a claim under the FLSA may be tolled in certain circumstances." *Martinez v. JLM Decorating Inc.*, No. 20-CV-2969, 2021 WL 4253395, at *2 (S.D.N.Y. Sept. 17, 2021) (internal quotation marks omitted and alterations adopted). However, the parties do not provide any circumstances warranting tolling and even acknowledge that they "are not aware of any basis for tolling the limitations period applicable to the FLSA claims." (Doc. 39 at 1.) Accordingly, as the parties request, I dismiss Plaintiff's FLSA claims with prejudice.

Because I have dismissed Plaintiff's federal claims, I must now decide whether to

exercise supplemental jurisdiction over her remaining state claims under the NYLL. A district court "may decline to exercise supplemental jurisdiction over [a pendent state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Although this is not "a mandatory rule to be applied inflexibly in all cases, . . . in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also In re Merrill Lynch Ltd. P'ship Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (per curiam) (concluding that district court properly declined to exercise supplemental jurisdiction over state law claims when all federal claims had been dismissed); *Ferrara v. Metro. Transp. Auth.*, No. 24-CV-9161, 2026 WL 351084, at *7 (S.D.N.Y. Feb. 9, 2026) (declining to exercise supplemental jurisdiction over state law claims after federal claims were dismissed). I see no reason to depart from this principle in this case. Thus, I also decline to exercise supplemental jurisdiction over Plaintiff's NYLL claims and dismiss these claims without prejudice with leave to refile in state court.

The Clerk of Court is respectfully directed to terminate the case and all pending motions, including those at Documents 35 and 39.

SO ORDERED.

Dated: October 8, 2026
New York, New York

Vernon Broderick

Vernon S. Broderick
United States District Judge